**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITY OF JACKSONVILLE, FLORIDA
and JEA,

    Plaintiffs,

vs.                              Case No. 3:18-cv-1174-J-39JRK

MUNICIPAL ELECTRIC AUTHORITY
OF GEORGIA,

    Defendant.
_____

## PLAINTIFFS' RESPONSE TO THE UNITED STATES' NOTICE OF POTENTIAL STATEMENT OF INTEREST

The Court should reject the United States' Notice of "*Potential*" Statement of Interest (the "Notice") and proceed to consider the Plaintiffs' pending Motions to Remand.

*First*, the Notice is not a Statement of Interest under 28 U.S.C. § 517; instead, it is merely a self-described "potential" statement, unrecognized by law.

*Second*, the decision the Notice seeks to delay—*i.e.*, determination of the Plaintiffs' Motions to Remand—does not implicate any substantive interests of the United States.

*Third*, the Notice is untimely, given that it seeks to address an issue that has already been fully briefed by the parties.

*Fourth*, although not a party to this litigation, the United States seeks affirmative relief in the form of a stay.

For these reasons, the Court should reject the Notice and treat it as a nullity.

**MEMORANDUM OF LAW**

This lawsuit was filed in Florida state court on September 11, 2018, and Defendant Municipal Electric Authority of Georgia ("MEAG") removed the case to this Court on October

2, 2018. Plaintiffs City of Jacksonville, Florida and JEA (collectively, "Plaintiffs") filed Motions to Remand this matter back to state court on November 1, 2018. (Docs. 28 & 29). MEAG filed its Consolidated Response in opposition to Plaintiffs' Motions to Remand on November 14, 2018. (Doc. 39). This Court denied Plaintiffs' Motion for leave to file a reply in support on November 20, 2018. (Doc. 45). Now, on January 7, 2019, the United States, acting on behalf of the U.S. Department of Energy, through the Department of Justice ("DOJ") has filed a "Notice of *Potential* Statement of Interest by the United States" (Doc. 58 (emphasis added)), purportedly in regard to Plaintiffs' pending Motions for Remand. This procedural maneuver by the DOJ is improper, untimely, unnecessary, and should not be considered by this Court.

First, the Notice is not a Statement of Interest pursuant to 28 U.S.C. § 517. It is a notice that the DOJ is *considering* whether to file a Statement of Interest. While the United States makes up its mind (because it apparently could not do so in the last two months since the motions became ripe), it asks this Court for affirmative relief in the form of a stay until such time as it determines whether it wants to file a Statement of Interest. The Notice gives no indication of when the DOJ will file a statement of interest other than after the federal government shutdown concludes, but no one knows when the shutdown will end.

Second, the purported basis for the United States' potential Statement of Interest— pending motions that raise the question of which forum should hear this case—does not implicate any substantive interests of the United States. "A statement of interest, which is authorized by 28 U.S.C. § 517, is designed to explain to a court the interests of the United States in litigation between private parties." *Hunton & Williams v. United States DOJ*, 590 F.3d 272, 291 (4th Cir. 2010). *See also*, *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33AEP, 2016 WL 6071746, at *1–2 (M.D. Fla. Oct. 17, 2016) (finding a Statement of Interest "useful" because it

#62749378_v1

did not "merely reflect the DOJ's litigation position," but instead simply outlined "the general principles of law that are applicable" to the ADA).

The DOJ gives no indication that it plans to assist the Court by outlining general principles of law that it believes are applicable; instead, it appears that the DOJ seeks to stake out a litigation position regarding the proper forum in which this dispute should be heard.[1] There is, however, no basis for the United States to claim that a preliminary, procedural forum dispute may implicate its substantive interests. The Motions to Remand do not seek to render a decision on the substantive merits of Plaintiffs' claims, and the United States can equally assert its substantive interests in state court pursuant to 28 U.S.C. § 517. Any substantive interest the United States may have can be properly asserted in *any* court in the United States, *state or federal*. *See Miami Herald Media Co. v. Fla. Dep't of Transportation*, No. 4:18CV392-WS/CAS, 2018 WL 6427223, at *12 (N.D. Fla. Oct. 5, 2018). The United States has no basis to claim that this Court's determination of Plaintiffs' Motions to Remand should be stayed based on any substantive interest.

Third, the Notice is untimely, unhelpful, and unnecessary, and a statement of interest would be even more so. District courts enjoy the discretion to consider a statement of interest. *See, e.g.*, *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018) ("It is solely within the Court's discretion to permit or deny a statement of interest. . . . In exercising that discretion, the Court can consider whether the information is timely, useful, or otherwise necessary to the administration of justice."). Courts have held a statement of interest untimely when it was filed two and a half months after briefing was completed. *See id.* It has been over two months since Plaintiffs filed their Motions to Remand, and these motions have

---

[1] The United States did not file a comparable Notice in the parallel pending Georgia federal action.

3

been ripe since November 20, 2018—four weeks before the government shutdown. *Cf. Alvey*, 2016 WL 6071746, at *2 (finding a Statement of Interest was timely when filed the same day as the parties' filed their reply briefs).

In *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927–28 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008), the district court granted the defendant's motion to strike the United States' Statement of Interest as "neither timely nor useful." *Id.* at 928. The court held that the Statement of Interest filed by the United States *one week* after the court had closed briefing on the motions for summary judgment was untimely. *Id.* The court explained "the allowance of additional briefing . . . would not only add to an already substantial record, but would also cause substantial prejudice to the parties and to the court by unnecessarily delaying the resolution of this action." *Id.*

Similarly here, staying consideration of Plaintiffs' pending Motions to Remand to provide the United States with the opportunity to further consider filing a Statement of Interest at some unknown time in the future is unreasonable. It would also unnecessarily add to an already substantial briefing record, as the parties would likely seek additional briefing to discuss any position staked out by the United States. This additional briefing would prejudice the parties and unnecessarily delay resolution of this antecedent procedural issue.  Any litigation position of the United States regarding the forum in which this dispute should be heard is simply not necessary to the proper administration of justice of the substantive issues in this case.

Lastly, the United States is not a party and has not decided whether to participate in this action. The DOJ nevertheless seeks affirmative relief in the form of a stay of the Court's consideration of Plaintiffs' Motions to Remand. Plaintiffs submit that this relief should not be

granted where the United States has not been granted leave to intervene as a party and has not even decided whether to participate in the form of filing a Statement of Interest.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court should reject the United States' Notice and proceed to consider the Plaintiffs' pending Motions to Remand.

Respectfully submitted this 11th day of January, 2019.

                HOLLAND & KNIGHT LLP

                By: /s/ J. Allen Maines
                      George E. Schulz, Jr.
                      Florida Bar No. 169507
                      Buddy.schulz@hklaw.com
                          Wanda.adair@hklaw.com
                      Lawrence J. Hamilton II
                      Florida Bar No. 335691
                      Larry.hamilton@hklaw.com
                          Kathleen.griffith@hklaw.com
                      Joshua H. Roberts
                      Florida Bar No. 42029
                      Josh.Roberts@hklaw.com
                          Cathy.luke@hklaw.com
                      Michael M. Gropper
                      Florida Bar No. 105959
                      Michael.gropper@hklaw.com
                          Lynette.matthison@hklaw.com
                      50 N. Laura Street, Suite 3900
                      Jacksonville, FL 32202
                      (904) 353-2000
                      Fax:  (904) 358-1872

                      J. Allen Maines
                      Florida Bar No. 226270
                      Allen.maines@hklaw.com
                      Jacquelyn Thomas Watts
                      Florida Bar No. 112761
                      Jacquelyn.watts@hklaw.com
                      1180 West Peachtree Street NW
                      Atlanta, GA 30309

OFFICE OF GENERAL COUNSEL
JEA CHIEF LEGAL OFFICER
    Jody Brooks
    Florida Bar No. 480355
    broojl@jea.com
    21 W Church Street (T-16)
    Jacksonville, FL 32202
    (904) 630-1720

BEDELL, DITTMAR, DeVAULT,
PILLANS & COXE, P.A.
    Henry M. Coxe, III
    Florida Bar No. 155193
    hmc@bedellfirm.com
    Michael E. Lockamy
    Florida Bar No. 69626
    mel@bedellfirm.com
    John G. Woodlee
    Florida Bar No. 0100990
    jgw@bedellfirm.com
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone: (904) 353-0211
    Facsimile: (904) 353-9307

*Attorneys for Plaintiff JEA*

OFFICE OF GENERAL COUNSEL

By: _/s/_ Jacob J. Payne
    Jacob J. Payne
    Assistant General Counsel
    Fla. Bar No. 0639451
    jpayne@coj.net
        Garelick@coj.net
    Tiffiny Douglas Safi
    Assistant General Counsel
    Fla. Bar No. 682101
    tsafi@coj.net
        kmoran@coj.net
    117 West Duval Street, Suite 480
    Jacksonville, Florida 32202
    Phone: (904) 630-1700
    Fax: (904) 630-1316

*Counsel for the City of Jacksonville, Florida*