**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITY OF JACKSONVILLE,
FLORIDA, and JEA,

Plaintiffs,

v.                                                                    Case No.: 3:18-CV-1174-J-39JRK

MUNICIPAL ELECTRIC
AUTHORITY OF GEORGIA,

Defendant.

_____/

**CITY OF JACKSONVILLE'S SUPPLEMENTAL BRIEF CONCERNING THE**
**IMPACT OF THE DISMISSAL OF MEAG'S GEORGIA ACTION**

Plaintiff, the CITY OF JACKSONVILLE, FLORIDA (the "City"), through its

undersigned counsel and pursuant to the Court's Endorsed Order (Doc. 75) dated April 22,

2019, submits this supplemental brief concerning the impact of the dismissal of the lawsuit

filed by Defendant, Municipal Electric Authority of Georgia ("MEAG"), against JEA in the

U.S. District Court for the Northern District of Georgia ("Georgia Action").

The City fully endorses the points presented in JEA's supplemental brief filed

contemporaneously herewith. MEAG's arguments in its motion to stay, motion to transfer,

and its opposition to Plaintiffs' motions to remand (*See* Docs. 30, 34, 39) that rely on the

existence of the Georgia Action are moot now that the Georgia Action has been dismissed.

MEAG's appeal the dismissal of the Georgia Action does not change the fact that the

principles underlying the first-filed rule are no longer implicated. The first-filed rule (when it

applies) is a judge-made equitable rule of discretion that seeks to further the just, speedy, and

inexpensive determination of an action by providing a mechanism for deciding which of two federal trial courts should hear a dispute. There is only one district court case now, and no other "first-filed case" to justify a stay, dismissal, or transfer of this case. At a minimum, the lack of an active parallel district court action would be a sufficient "compelling circumstance" to warrant departure from the first-filed rule. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Moreover, the Georgia Court's conclusion that MEAG had not suffered an injury-in-fact when it commenced its Georgia Action because JEA has continued to pay MEAG under the PPA ($1 million each month) and has said it would continue doing so until the court rules the PPA invalid is tantamount to a conclusion that the Georgia Action was an anticipatory suit whereby MEAG rushed to the courthouse without actually having suffered an injury. *See, e.g.*, *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (holding an equitable consideration in declining to apply the first-filed rule is "whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding").

The fact that MEAG decided to file an appeal rather than commence what would be a "second-filed" case in Georgia speaks volumes about MEAG's priorities in this litigation. MEAG would rather delay resolution of the merits of this case (merits that hinge on important and complex issues of Florida law) than litigate anywhere other than in Georgia. MEAG's main litigation strategy has been to do whatever it can (including filing a needless appeal coupled with an improper motion in the Eleventh Circuit to enjoin JEA from continuing this action) in order to litigate important issues of Florida law in Georgia. MEAG places greater importance on continuing to fight over venue than on actually reaching a

speedy disposition of the merits of this dispute. MEAG would have this Court wait indefinitely until the Eleventh Circuit rules on the appeal of the Georgia Action and then, in the unlikely event that the case is remanded, wait even longer until the Georgia district court decides the first-file rule. And, there is no guarantee that even if the Georgia Action is remanded that the Georgia court would enforce the first-filed rule. MEAG's naked delay tactics are completely contrary to the goal expressed in Rule 1 to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

The important issues of Florida state and local law warrant consideration via the Florida state court system. As has been explained in previous filings, the significant issues of Florida state and local law include, whether the PPA is unconstitutional under the Florida constitution due to its improper entanglement of JEA with private interests in violation of Article VII, § 10, whether the PPA is an impermissible delegation by JEA to MEAG and the other co-owners of decision making authority over a major portion of its debt, and whether MEAG disregarded the City Charter by failing to seek City Council approval. MEAG is charged with knowing these limitations on JEA's authority to contract. *Harris v. Sch. Bd. of Duval Cty.*, 921 So. 2d 725, 735 (Fla. 1st DCA 2006) ("A person who contracts with the government is presumed to know the law . . . ."). The issues in this case raise significant concerns for the citizens of Duval County and the Consolidated Government of the City of Jacksonville. The case should be decided in Florida (preferably state court) and it is time to put the venue fight to rest and begin to address the merits of the important questions in this case.

WHEREFORE, Plaintiff, the City of Jacksonville, Florida, respectfully requests that this Honorable Court: (1) deny MEAG's motion to stay (Doc. 30); (2) deny MEAG's motion to transfer (Doc. 34); and (3) grant Plaintiffs' motions to remand this case to the Circuit Court of the Florida Fourth Judicial Circuit, Duval County, Florida, Division CV-G (Docs. 28 & 29).

DATED this 6th day of May 2019.

OFFICE OF GENERAL COUNSEL

/s/  *Jacob J. Payne*
Jacob J. Payne
Assistant General Counsel
Fla. Bar No. 0639451
Tiffiny Douglas Safi
Assistant General Counsel
Fla. Bar No. 682101
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1700
Fax: (904) 630-1316
jpayne@coj.net; Garelick@coj.net
tsafi@coj.net; kmoran@coj.net
Counsel for the City of Jacksonville

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 6th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF Participants: none.

OFFICE OF GENERAL COUNSEL

/s/  *Jacob J. Payne*
Jacob J. Payne
Assistant General Counsel
Fla. Bar No. 0639451
Tiffiny Douglas Safi
Assistant General Counsel
Fla. Bar No. 682101

4

117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1700
Fax: (904) 630-1316
jpayne@coj.net; Garelick@coj.net
tsafi@coj.net; kmoran@coj.net
Counsel for the City of Jacksonville