**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| CITY OF JACKSONVILLE, FLORIDA and JEA,<br><br>    Plaintiffs,<br><br>    v.<br><br>MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA,<br><br>    Defendant. | Case No.:  3:18-cv-01174-BDJ-JRK |

**MEAG'S MOTION FOR CLARIFICATION,
OR ALTERNATIVELY, MOTION FOR LEAVE**

Defendant Municipal Electric Authority of Georgia ("MEAG"), respectfully moves this Court for clarification of the Court's Order entered June 19, 2019 (Doc. No. 87), in order to ascertain whether the terms of that Order permit MEAG's counsel, J. Peter Coll, Jr. and John Ansbro, both of the law firm of Orrick, Herrington & Sutcliffe, LLP ("Orrick"), to appear and present argument at the July 16, 2019 evidentiary hearing in this matter. To the extent that the Court's Order of June 19, 2019 does not make such a determination, MEAG hereby moves for leave to allow J. Peter Coll, Jr. and John Ansbro to appear and present argument on behalf of MEAG at the July 16, 2019 hearing. In support of this Motion, MEAG states as follows:

1.  The Court's Order of June 19, 2019 granted Defendant's request for Oral Argument (Doc. No. 50), and set an evidentiary hearing on the following outstanding motions:

    A.  Motion to Appear Pro Hac Vice filed on behalf of J. Peter Coll, Jr., filed October 17, 2018 (Doc. No. 16);

    B.  Plaintiff's JEA's Motion to Disqualify Orrick as Counsel for MEAG and Incorporated Memorandum of Law, filed October 30, 2018 (Doc. No. 25);

    C.  Motion to Appear Pro Hac Vice on behalf of John Ansbro, filed November 13, 2018 (Doc. No. 35); and

    D.  MEAG's Motion to Compel Production and Motion for Extension of Time to Supplement Sur-Reply, or Alternatively, Motion to Strike JEA's Reply Brief, filed May 29, 2019 (Doc. No. 81).

  2.  Pursuant to Paragraph 2 of the June 19, 2019 Order, "[c]ounsel of record for each party most familiar with the Motions shall <u>personally</u> appear" at the July 16, 2019 hearing. (Emphasis in original).

  3.  MEAG has been represented by the Orrick law firm in all matters related to the construction of the two additional nuclear generating units at the Vogtle Plant, and the firm has represented MEAG in connection with the negotiation and execution of the Purchase Power Agreement (the "PPA") involving Plant Vogtle since 2007.  It is this representation that is the subject of Plaintiff's attempts to preclude the Orrick law firm and its attorneys from representing MEAG in this matter.

  4.  Attorneys J. Peter Coll, Jr. and John Ansbro are both litigation partners at the Orrick law firm and are MEAG's counsel "most familiar" with the issues raised in the pending motions, including but not limited to the subject matter and scope of Orrick's prior representation of JEA, Orrick's work on behalf of MEAG in connection with the negotiation and drafting of the PPA, and the work performed in connection with the bond proceeding JEA asserts as the basis to disqualify the Orrick firm and its lawyers.  Neither Mr. Coll nor Mr. Ansbro was involved in activities about which JEA asserts gives rise to the alleged conflict.  Accordingly, pursuant to the Court's June 19, 2019 Order, MEAG believes its counsel, J. Peter Coll, Jr. and John Ansbro, should be allowed to appear and present argument on MEAG's behalf at the July 16, 2019 evidentiary hearing.

5. John Ansbro has had no involvement in the merits of the underlying litigation between JEA and MEAG and is not part of the litigation team; rather, Mr. Ansbro's involvement with this case has been specifically limited to the analysis and briefing of JEA's disqualification motion. Mr. Ansbro was the attorney at Orrick directly responsible for the underlying briefing.

6. However, given that J. Peter Coll Jr. and John Ansbro's respective motions to appear pro hac vice in this case are still pending, out of an abundance of caution, clarification on this issue is sought in advance of the July 16, 2019 hearing to ascertain whether they will be allowed to participate on MEAG's behalf.

7. Alternatively, in the event that the Court's Order of June 19, 2019 does not contemplate or decide the issue of whether J. Peter Coll, Jr. and John Ansbro may participate on MEAG's behalf at the July 16, 2019 hearing, MEAG respectfully moves the Court for leave to allow J. Peter Coll, Jr. and John Ansbro to do so. To be clear, Mr. Coll and Mr. Ansbro do not intend to examine or take the testimony of any witnesses as part of the evidentiary hearing (which witnesses are anticipated to include Orrick attorneys), but only seek permission to present argument to the Court concerning the motions related to disqualification.

## MEMORANDUM OF LAW

"[D]isqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly." *Hilton v. Barnett Banks, Inc.*, 1994 WL 776971, at *2 (M.D. Fla. Dec. 30, 1994). "Faced with a motion to disqualify, a court must 'be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel.'" *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 1534488, at *1 (S.D. Fla. Apr. 30, 2012) (quoting *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir.

1976)). As the parties seeking disqualification, JEA has the burden of proof. *Hilton*, 1994 WL 776971, at *2.

MEAG's chosen counsel, J. Peter Coll, Jr. and John Ansbro of the Orrick law firm, should be permitted to directly respond to the allegations and arguments made by JEA that serve as a basis for its efforts to prohibit the Orrick firm and its attorneys from representing MEAG in this matter. Not surprisingly, as set forth in the Certification below, JEA does not consent to J. Peter Coll, Jr. or John Ansbro's participation at the July 16, 2019 hearing. Thus, JEA seeks not only to disqualify the Orrick firm and its attorneys from their representation of MEAG, they also seek to silence their ability to directly respond to the disputed allegations by JEA that form the basis of their efforts at disqualification. As their firm's conduct has been called into question, they should be afforded an opportunity to present argument and directly respond, particularly since they are in fact "[c]ounsel of record … most familiar with the Motions." Indeed, John Ansbro was the Orrick attorney directly responsible for the briefing of the underlying Motions. Accordingly, to the extent that the Order of June 19, 2019 does not expressly permit it, MEAG respectfully moves for an Order allowing J. Peter Coll, Jr. and John Ansbro to participate at the July 16, 2019 evidentiary hearing.

## Rule 3.01(g) Certification

The undersigned counsel conferred with counsel for JEA in a good faith effort to resolve the issues raised in this motion but was informed that JEA would not consent to J. Peter Coll, Jr. and John Ansbro's appearance and participation at the July 16, 2019 hearing.

**WHEREFORE**, Defendant Municipal Electric Authority of Georgia, moves this Court for entry of an Order clarifying its June 19, 2019 Order and declaring MEAG's counsel, J. Peter Coll, Jr. and John Ansbro of Orrick have permission to appear and participate in oral argument at the July 16, 2019 hearing. Alternatively, MEAG moves the Court for leave to allow J. Peter Coll, Jr.

and John Ansbro of Orrick to appear and participate in oral argument on MEAG's behalf at the July 16, 2019 hearing.

Dated:  July 3, 2019

By: */s/ John A. Carlisle*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
J. Peter Coll, Jr. (*pro hac vice* admission pending)
John Ansbro (*pro hac vice* admission pending)
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151
pcoll@orrick.com
jansbro@orrick.com

&

**THE LILES FIRM, P.A.**
Rutledge R. Liles
Florida Bar No. 102805
John A. Carlisle
Florida Bar No. 0626716
301 W. Bay Street, Suite 1030
Jacksonville, FL 32202
Tel: (904) 634-1100
Fax: (904) 634-1234
Email:  rliles@lilesgavin.com
             jcarlisle@lilesgavin.com
Secondary Email:  spisarek@lilesgavin.com
                               jostwald@lilesgavin.com

*Counsel for Defendant Municipal Electric Authority of Georgia*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3rd, 2019, a true and correct copy of this document was served electronically with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ John A. Carlisle*